**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO
11/3/2020
JEFFREY P. COLWELL, CLERK

Civil Action No. _____

(To be supplied by the court)

Amanda D Tucker-Meuse, Plaintiff

v.

CPEP: The Center for Personalized Education for Physicians

_____,

Elizabeth Korinek

_____,

Department of Regulatory Agencies (DORA)

_____, Defendant(s).

*(List each named defendant on a separate line. If you cannot fit the names of all defendants in the space provided, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names. The names of the defendants listed in the above caption must be identical to those contained in Section B. Do not include addresses here.)*

## COMPLAINT OF DISABILITY DISCRIMINATION

---

### NOTICE

Federal Rule of Civil Procedure 5.2 addresses the privacy and security concerns resulting from public access to electronic court files. Under this rule, papers filed with the court should not contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include only: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number.

**Plaintiff need not send exhibits, affidavits, grievances, witness statements, or any other materials to the Clerk's Office with this complaint.**

---

### A.      PLAINTIFF INFORMATION

*You must notify the court of any changes to your address where case-related papers may be served by filing a notice of change of address. Failure to keep a current address on file with the court may result in dismissal of your case.*

Amanda D Tucker-Meuse, 62 Haystack Lane, Snowmass, Colorado 81654

---

(Name and complete mailing address)
970-820-8540, atuckermd@yahoo.com

---

(Telephone number and e-mail address)


### B.      DEFENDANT(S) INFORMATION

*Please list the following information for each defendant listed in the caption of the complaint. If more space is needed, use extra paper to provide the information requested. The additional pages regarding defendants should be labeled "B.  DEFENDANT(S) INFORMATION."*


Defendant 1:   ___   CPEP, 720 S Colorado Blvd Ste 1100, Glendale, CO 80246

---

(Name and complete mailing address)

2

(303) 577-3232

_____

(Telephone number and e-mail address if known)

Defendant 2:     Elizabeth Korinek, 720 S Colorado Blvd Ste 1100, Glendale, CO 80246

_____

(Name and complete mailing address)
(303) 577-3232

_____

(Telephone number and e-mail address if known)

Department of Regulatory Agencies, 1560 Broadway, Suite 110
Denver, CO 8020

Defendant 3: _____

(Name and complete mailing address)
303-894-7855

_____

(Telephone number and e-mail address if known)

Defendant 4: _____

(Name and complete mailing address)

_____

(Telephone number and e-mail address if known)

## C.    JURISDICTION

*Identify the statutory authority that allows the court to consider your claim(s): (check one)*

__X__    Federal question pursuant to 28 U.S.C. § 1331 (claims arising under the Constitution, laws, or treaties of the United States)

List the specific federal statute, treaty, and/or provision(s) of the United States Constitution that are at issue in this case.

*42 USC 12131(a) (8)*

*The Findings and Purpose of the ADA (and RA) is the Nation's proper goals. of individuals with disabilities are to assure equal opportunity, full participation, independent living and self*

3

*sufficiency for such individuals "*

*ADA and RA define discrimination to include the failure to offer reasonable accommodation in violation of Congress's objectives to facilitate economic independence and maintain employment and self sufficiency*

*42 USC 12131(1) (B)*

*Public Entities may not administer a licensing program in a manner that subjects qualified individuals with disabilities to discrimination on basis of disability*

*42 USC 12101(a) (8), 29 USC 794(d)*

*Discrimination Claims under the Rehabilitation Act are governed by the same standards used in ADA cases.*

*29 CFR 1630.2(r)*

*Whether public entities have complied with their obligations and whether discrimination has occurred, not whether the individual meets the definition of disability.  This requires the offer of accommodation of uncovered disabilities*

*C.F.R 1630.14*

*Fit for Duty Evaluation must be of limited scope focusing on business necessity, not overly intrusive, one in number and paid for by the requesting agency. / entity*

*C.F.R.1630.15*

*Accommodation must be offered and fail before any adverse employment action, removal of license or*

____    Diversity of citizenship pursuant to 28 U.S.C. § 1332 (a matter between individual or corporate citizens of different states and the amount in controversy exceeds $75,000)

Plaintiff is a citizen of the State of _____.

4

If Defendant 1 is an individual, Defendant 1 is a citizen of ___.

If Defendant 1 is a corporation,

Defendant 1 is incorporated under the laws of _____ (name of state or foreign nation).

Defendant 1 has its principal place of business in _____ (name of state or foreign nation).

*(If more than one defendant is named in the complaint, attach an additional page providing the same information for each additional defendant.)*

Short Statement under Rule 8(a)

Plaintiff is an individual who was both regarded as being disabled and was disabled suffering from two non-transitory conditions of an Chronic/ Acute on Chronic Anxiety or Adjustment Disorder diagnosed in 1971 and Chronic Narcolepsy with Cataplexy diagnosed in 1958, and as such fell into a protected class under the American with Disabilities Act.

DORA is a state licensing agency, who meets the requirement of 42 USC 12182 (a) subject to ADA Title II who improperly delegates its Federal Duties under the ADA to third parties. The Colorado Personalized Education for Physicians (CPEP) is a public accommodation and subject to regulation under the Rehabilitation Act of 1973 (29 U.S.C. § 701 et seq.), the Americans with Disabilities Act of 1990 (42 U.S.C. 12131-12134), and the ADA Amendments Act of 2008 (Public Law 110-325, 122 Stat. 3553 (2008)).

CPEP frequently performs neuro-cognitive testing, either shortened screens such as Micro Cog

5

or more formal neuro-cognitive testing including IQ testing. As per federal agency guidance (https://www.eeoc.gov/policy/docs/guidance-inquiries.html) these tests are considered medical tests under the ADA and are strictly regulated. A referral from a medical board that entails neuro-cognitive assessment is a board-ordered medical test.  As a public accommodation, CPEP may not bill for neuro-cognitive assessments if they are ordered as part of a board-ordered examination because this element of the assessment is a medical examination mandated by a state agency and a public accommodation is required to refrain from actions that violate state and federal civil rights of its clientele. This is particularly important in Colorado, because a public accommodation that violates civil rights applicable to persons that meet the legal definition of disabled, is subject to civil sanctions that may award compensatory damages

In 2014, DORA ordered such an evaluation to be conducted by CPEP. This evaluation fully complied with C.F.R. 1630.14, was limited in scope, and specifically addressed plaintiffs ability to safely perform her work-related duties. This evaluation showed plaintiff was able to perform her work duties with or without accommodation and earned her an "honorable mention" by the university staff, ready to step in if she had any difficulty.

DORA violated the American with Disabilities and Rehabilitation Act when it did not accept the comprehensive evaluation which the court can review, and instead repeatedly asked plaintiff to conduct evaluation after, totaling ten, with increasing and impermissible invasiveness prohibited by C.F.R. 1630.14.

In February 2016 and again in July 2017 with upwards of five evaluation all confirming plaintiffs two long standing disabilities with an Acute Exacerbation of her Anxiety Disorder, DORA declared she was  Direct Threat under C.F.R. 1630.15  when DORA never offered any accommodation and denied all administrative remedies.  With three completed evaluations in hand, when only one is permitted by C.F.R. 1630.14 , DORA took adverse employment action against plaintiff declaring she "failed to comply " with their Fit for Duty Evaluation request when it had three completed evaluations and a forth "extended evaluation", again prohibited by C.F.R. 1630.14 , requested in December 2015 was underway in three weeks in January 2016 ,

6

when the Employee Assistance Contract permits eight weeks to schedule. C.F.R 1630.14
permits only a  :"limited scope evaluation directed to business necessity to determine whether an
individual suffers from a disability" which was exactly the examination ordered by DORA,
conducted by CPEP , which DORA then refused to accept or act  upon in violation of C.F.R.
1630.14.

DORA required plaintiff to comply with CPEP's Evaluation and receive their advertised
educational program along with the Fit for Duty Evaluation as a condition of her license
CPEP is a private "non -profit" third party provider who DORA improperly delegates its Federal
Duties of evaluation and screening but does not monitor for compliance. The program DORA
ordered after the evaluation was by CPEPs own admission to be completed in 90 to 180 days
When plaintiff reported to DORA that CPEP had cashed her $11,000 check , and had kept her
waiting for 380 days for her program to begin, then plaintiff was required to wait an additional
180 to 270 days ( For a total of 560 to 650 days wait of a license of 1065 duration) DORA's was
not to investigate its third party breaches and performance contrary to its advertising but to
declare defendant disabled and take adverse punitive employment action against her without ever
offering accommodation as required by C.F.R. 1630.15 and using its right to ONE limited scope
Fit for Duty evaluation DORA must pay for  under C.F.R 1630.14 to abuse plaintiff by
demanding a total of ten expensive evaluation of increasing invasiveness , it refused to pay for in
violation of CFR 1630.14 which specifically prohibits such practices.

CPEP later defended its 380 day wait by claiming it was not a Center for Personalized Education
promising to deliver a program in 90-180 days , though this is what it advertises and the
American Medical Association ( AMA) and Federation of the State Medical Board ( FSMB ) and
it really was just a For Profit Fit for Duty Evaluation service charging $5500 per day for a two
day evaluation ,DORA then refused to accept  so violating C.F.R. 1630.14

Plaintiff's situation was financially complicated as, after DORA approved her for routine re-
activation of her 1990 license  to practice General Practice, as an out of state fully licensed
physician who has practiced medicine continuously since 1976 , DORA then then lost plaintiffs

7

license documents, and claimed a two line "reference update" it did not lose was Dr Tucker's forty years practice history, and she was a "blank slate " with no experience. DORA somehow learned of plaintiffs studies in a field unrelated to plaintiffs area of employment practice and signed employment contract and "assigned " plaintiff a student license in this unrelated field, one of plaintiffs seven. Plaintiffs financial situation which made it impossible for her to wait 380 days for CPEP's performance was by DORA's easily corrected document error,

Plaintiff signed this license because DORA advised her it permitted employment and income. Had this been the case, plaintiff could have performed on her signed employment contract and studied DORA's selected field but it was not. This incorrect license did not permit any patient or clinical contact unless with one on one supervision,  and only after plaintiff had satisfied a nine to twelve month holding period of hospital credentialing, which plaintiff was required to wait 380 days for CPEP to even apply for. Thus the acute exacerbation of plaintiffs chronic stable disability was easily accommodated by some basic disability administrative services which both CPEP and DORA have failed to offer though this is a Federal Requirements DORA explained to plaintiff that when she signed her license DORA removed her constitutional rights by "implied waiver" so her right to a legal remedy and to defend her valuable medical license no longer existed, and they expected her to use this license , and could care less whether it was correct or not for her employment contracts or field of medical practice.

Over the next three years DORA did not permit plaintiff to work , suspending plaintiffs license on two occasion declaring under CFR 1630.15 that plaintiff was a Direct threat although DORA never had any medical evaluation that reached this conclusion and never offered plaintiff any accommodation.

 On the other hand DORA did have CPEP's extremely comprehensive evaluation which the court can review showing plaintiff fully able to perform her duties then a further ten evaluations showing plaintiff to be perfectly able to work though suffering from an Anxiety Disorder exacerbated first by DORAs licensing error then by CPEPs 380 day wait without income. It is DORAs and CPEPs position that they do not have to offer accommodation under CFR 1630.15

8

and can at any time simply send an email to a licensee advising them that it had decided under CFR 1630.15 that they are a Direct Threat when C.F.R. 1630.15 clearly requires an offer of accommodation and its failure before such action can be taken , and C.F.R. 1640. 14 specifically prohibits DORA from using its right to a Fit for Duty Evaluation for punitive purposes, for improper purposes and to subterfuge Federal Law.

Legal References

42 U.S. Code § 12102.Definition of disability

> (1)The term "disability" means, with respect to an individual—
> (A) a physical or mental impairment that substantially limits one or more major life activities of such individual;
> (B) a record of such an impairment; or
> (C) being regarded as having such an impairment (as described in paragraph

Plaintiff was both "regarded as disabled and was disabled "Though plaintiff need not state her disability, they are two-fold: An Acute on Chronic Anxiety Disorder and Chronic Familial Narcolepsy. Neither disability is transitory. The Acute exacerbation was brought on by DORA's removal of plaintiffs constitutional rights and refusal to correct its license error and CPEP's inordinate 380 day wait for a program advertised to be complete in 90 to 180 days to begin

Disability Discrimination

Both parties openly admit they never offered accommodation and took adverse employment action against plaintiff confirming their violation of C.F.R. 1630.15. DORA openly admits it violated C.F.R. 1630.14 by refusing to act on the $11,000 evaluation it demanded as part of her license requirement and then demanded a further increasing invasive and prohibited TEN evaluations which it has not yet refunded the cost of. At the conclusion of these ten evaluations which reached the same medical diagnosis DORA declared that plaintiff was "never adequately evaluated" showing its intent to subterfuge C.F.R 1630.14 and C.F.R 1630.15. Both parties admit they would not provide administrative services for plaintiffs disabilities and do not believe this is

their legal duty. Both parties took unconscionable punitive and harmful acts against plaintiff without any conscience or consideration.

> It is also telling ...the "Findings and Purposes" of the ADA, where Congress found that "the Nation's proper goals regarding individuals with disabilities are to assure equality of opportunity, full participation, independent living, and economic self-sufficiency for such individuals." 42 U.S.C. § 12101(a)(8) (emphasis added). Thus, the ADA has multiple objectives, and by defining discrimination as it did to include the failure to offer reasonable accommodations, one of Congress' objectives was to facilitate economic independence for otherwise qualified disabled individuals. See Cleveland v. Policy Management Systems Corp., No. 97-1008, 1999 WL 320795, at *5 (U.S. May 24, 1999) Smith v. Midland Brake, Inc., 180 F.3d 1154, 1168 (10th Cir. 1999)

When plaintiff complained about CPEPs and Korinek's inordinate wait and inaction  CPEP responded with a bizarre unverified complaint that plaintiffs anxiety symptoms made her a "security threat"  reporting a visit to the front lobby of a Pediatric Hospital regarding her Pediatric Studies as "found wandering around secured areas and the operating room on the second floor"  Ms. Korinek did not verify this report and did not report that the person that made the report was a security guard from an unrelated hospital located fifty miles away and was in fact entirely false.  Ms. Korinek declared that she had authority over both plaintiffs nonclinical Pediatric and Anesthesiology studies which she was not a party to these contracts and entirely legally excluded This did not stop Ms.  Korinek from inserting herself, without any discussion with plaintiff or any attempt to fact check or verify this made sure that plaintiffs educational activities were ended, then her professional career. Ms. Korinek has never reported to DORA that these reports were entirely false. Ms. Korinek openly admits she denied plaintiff five minutes of her personal time in 380 days wait and discharged her from the program because of "medical issues "without claiming CPEP did not provide accommodation for disabilities

> The ALJ concluded that respondent was thus a "qualified individual with a disability" under the ADA; that any action to revoke/suspend  his license permanently pursuant to the SFAO would amount to discrimination on the basis of disability; and that a reasonable accommodation for respondent's disability, as required by the ADA, must be offered, State Board of Dental v. Major, 996 P.2d 246, 248 (Colo. App. 1999)

> '[B]oath the letter and the spirit' of the ADA require an individualized assessment of each plaintiff's 'actual condition,' rather than a 'determination based on general information about

10

how an uncorrected impairment usually affects individuals.' " Branham v. Snow , 392 F.3d 896, 902–03 (7th Cir. 2004) (quoting Sutton v. United Air Lines, Inc. , 527 U.S. 471, 483–84, 119 S.Ct. 2139, 144 L.Ed.2d 450 (1999) ). "An individualized inquiry into each plaintiff's condition remains the rule in cases under...the ADA." Branham , 392 F.3d at 903

Each applicant is entitled to an individualized assessment of his particular circumstances rather than an assessment based on how a specific impairment usually affects those who have it. Branham v. Snow, 392 F.3d 896, 902–03 (7th Cir. 2004).

To determine the appropriate reasonable accommodation, it may be necessary for the covered entity to initiate an informal, interactive process with the qualified individual with a disability in need of the accommodation. This process should identify the precise limitations resulting from the disability and potential reasonable accommodations that could overcome those limitations. Smith v. Midland Brake, Inc., 180 F.3d 1154, 1171 (10th Cir. 1999).

Both defendants openly admit they routinely discharge individuals because of disabilities without offering accommodation which they claim is not necessary. Plaintiffs anxiety symptoms were easily attributable to two key psychosocial events:  the issuance and refusal to correct an inappropriate license for plaintiffs application and practice and CPEPs inaction and 380 day wait for a program advertised to be completed in 90 to 180 days. These triggers were easily accommodated but both parties openly denied accommodation under CFR 1630.15

The 2008 ADA Amendments Act ("ADAAA"), Pub. L. 110–325, 122 Stat. 3553 (2008), aimed "to make it easier for people with disabilities to obtain protection under the ADA," and shift the focus of ADA litigation to "whether covered entities have complied with their obligations and whether discrimination has occurred, not whether the individual meets the definition of disability." 29 C.F.R. § 1630.1(c)(4). "The Supreme Court has made it clear that the determination whether an individual is disabled for ADA purposes is to be made with reference to measures that mitigate the impairment. See Sutton v. United Air Lines, Inc., 527 U.S. 471, 475, 119 S.Ct. 2139, 2143, 144 L.Ed.2d 450 (1999)."

Establishment of a Prima Facie ADA Case

In order to establish a prima facie case of discrimination under the ADA, plaintiff must demonstrate that she (1) is disabled, (2) is a qualified individual, and (3) was subjected to unlawful discrimination because of her disability. See 42 U.S.C. § 12112(a); Gordon v. E.L. Hamm Assocs., Inc., 100 F.3d 907, 910 (11th Cir. 1996).

Satisfaction of 42 USC 12182(a) requires plaintiff to show that ( 1) She is disabled within the meaning of the ADA both suffering from two disabilities and being regarded as disabled (2) Defendant are a public entity ( DORA ) and a public accommodation ( CPHP et al ) who DORA illegally delegates all its Title II ADA Duties under C.F.R 1630.14 that operates a place of public accommodation ( Title III) while violating C.F.R 1630.14 (3) Defendants took irreprehensible wrongful adverse action against plaintiff without cause from May 2015 to present day by failing to provide accommodation, subjecting her to an inordinate number of highly invasive evaluations claiming ten were "not adequately evaluated " while ignoring the legal standard required of C.F.R 1630.15 and C.F.R. 1630.14 they openly admit they will not uphold. Having removed plaintiffs medical license without ever offering accommodation DORA then took legal action against her claiming she is "unprofessional" and "cannot follow rules " because she did not use the license DORA unlawfully suspended for the entirety of its duration and did not provide plaintiff with any administrative or disability support over the delay of 565 days she was expected to wait without income as a single mother of two children.

> Discrimination claims under the Rehabilitation Act are governed by the same standards used in ADA cases, see 29 U.S.C. § 794(d).The ADA and the regulations interpreting the Rehabilitation Act both define "disability" as "(A) a physical or mental impairment that substantially limits one or more of the major life activities of such individual; (B) a record of such an impairment; or (C) being regarded as having such an impairment." 42 U.S.C. § 12102(2); see34 C.F.R. § 104.3(j)(1).

DORA receives Federal Funding and has already agreed to be sued for violation of Disability Laws. CPEP has no immunity and is obliged to provide the same services to the disabled as those without.

> **Title 42 - the public health and welfare chapter 126 - equal opportunity for individuals with disabilities** "§ 35.178 State immunity's. 12202. State immunity A State shall not be immune under the eleventh amendment to the Constitution of the United States from an action in Federal or State court of competent jurisdiction for a violation of this chapter. In any action against a State for a violation of the requirements of this chapter, remedies (including remedies both at law and in equity) are available for such a violation to the same extent as such remedies are available for such a violation in an action against any public or private entity other than a State.."

The discrimination is ongoing with the Statute resetting every day because both defendants actively harmed plaintiff by failing to provide her services because she displayed symptomatology of an Acute Anxiety disorder created by an easily accommodated situation of their creation. These acts are unconstitutional and ongoing

> "to establish a continuing violation [,] the plaintiff must establish that the unconstitutional or illegal act was a fixed and continuing practice." Id. (quoting Nat'l Adver. Co. v. City of Raleigh, 947 F.2d 1158, 1166 (4th Cir. 1991)) (alteration in original). That is, "if the plaintiff can show that the illegal act did not occur just once, but rather in a series of separate acts [,] and if the same alleged violation was committed at the time of each act, then the limitations period begins anew with each violation." Id. (internal quotations omitted) (alteration in original). The "continuing ill effects of an original violation. .do not constitute a continuing violation." Id Clowdis v. Silverman, Civil Action No. 3:15-cv-128, at *17-18 (E.D. Va. Mar. 28, Th2019)

## D. STATEMENT OF CLAIM(S)

*State clearly and concisely every claim that you are asserting in this action. For each claim, specify the right that allegedly has been violated and state all facts that support your claim, including the date(s) on which the incident(s) occurred, the name(s) of the specific person(s) involved in each claim, and the specific facts that show how each person was involved in each claim. You do not need to cite specific legal cases to support your claim(s). If additional space is needed to describe any claim or to assert additional claims, use extra paper to continue that claim or to assert the additional claim(s). Please indicate that additional paper is attached and label the additional pages regarding the statement of claims as "D. STATEMENT OF CLAIMS."*

CLAIM ONE: DENIAL OF SERVICES BECAUSE OF A DISABILITY
(All defendants)

Defendant DORA removed plaintiff's medical license claiming she was too disabled too hold one. Defendant CPEP discharged plaintiff from their program claiming her disability made her an unsuitable candidate, so violating C.F.R. 1630.15

CLAIM TWO: FAILURE OF ACCOMODATION

13

(All defendants)

All defendants acknowledged that plaintiff was disabled but took adverse employment action against her without ever offering any accommodation

CLAIM THREE: UNDUE BURDEN BY REASON OF A DISABILITY
(All defendants)

Defendant CPEP placed an undue burden on plaintiff by keeping her waiting for 380 days without income, and instead of assisting her supporting her (for which she purchased for $10,995) they attacked her when they had already confirmed she satisfied all Fit for Duty Criteria under 42 USC 12131-12134.

Defendant DORA placed an undue burden on plaintiff when they made a licensing error they failed to correct , by demanding , eleven fit for duty evaluations and by wrongly removing her medical license when they had a complete comprehensive evaluation conducted by defendant CPEP that showed she was fully able to safely work. Plaintiff's license did not allow active practice so there was no issue of patient care or safety.

CLAIM FOUR
(All Defendants failure to protect)

All defendants have a duty to protect both plaintiffs, her personal information and reputation and livelihood and they have all both failed to protect plaintiff and actively attacked her for years. This has harmed plaintiff immeasurably and is ongoing in violation of 28 CFR 35.104

CLAIM FIVE
All Defendants Fiduciary Duty of Care)

All defendants have a duty of care and the physicians to do no harm, all defendants violated this

14

duty. Defendants CPEP and Kironek had a fiduciary duty to protect plaintiff's best interests and to provide accommodation and disability services if CPEP felt plaintiff was disabled but instead filed

## E. REQUEST FOR RELIEF
"

The Plaintiff in this claim seeks prospective injunctive relief that restrains Defendants (Defendants Korinek and CPEP and DORA to reverse the ongoing irreparable harm that started the moment all parties decided that instead of offering plaintiff the required accommodation for her disabilities, they would attack and harm.

Plaintiff seeks recovery of any and all losses that arose from a licensing error and the wrongful removal of her livelihood, destruction of her 40-year blemish free professional reputation and career simply because defendants would not uphold the ADA and offer her the accommodation she needed and legally deserved.

## F.    PLAINTIFF'S SIGNATURE

I declare under penalty of perjury that I am the plaintiff in this action, that I have read this complaint, and that the information in this complaint is true and correct.  See 28 U.S.C. § 1746; 18 U.S.C. § 1621.

Under Federal Rule of Civil Procedure 11, by signing below, I also certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending or modifying existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

(Plaintiff's signature Date)

*Amanda Stracke*
10-29-2020                    15